IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ZURICH AMERICAN INSURANCE COMPANY, as
subrogee of TERRA-PETRO DEVELOPMENT,
INC. and TERRA-PETRO DEVELOPMENT, INC.

Plaintiffs,

v.                                                    CIVIL ACTION NO. 5:04-0029

PM TRANSPORT, INC. and
PETROLEUM MARKETERS, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion to amend the Court's Order denying modification of the scheduling order [docket no. 50] and Defendants' motion for partial summary judgment [docket no. 52].

**I.    Plaintiffs' Motion to Amend the Court's Order**

Plaintiffs move the Court to amend its Order, entered July 13, 2005, denying modification of the scheduling order to permit late disclosure of its expert witnesses. Finding that Plaintiffs' failure to timely disclose experts was not caused by excusable neglect, the Court refused to extend the deadline after the fact but noted that Plaintiffs' late disclosures fell within the period for rebuttal expert witness disclosures and Plaintiffs would be permitted to offer the expert witnesses in rebuttal to Defendants' experts. In so ruling, the Court observed that Plaintiffs' counsel, since replaced by current counsel, had failed to comply with earlier deadlines. Plaintiffs now ask the Court to

reconsider the limitations on its expert witnesses. After a hearing on this matter and for the reasons stated below, the Court **GRANTS** Plaintiffs' motion in regards to expert testimony from Simon and Associates (Simon) and Lewis Environmental Group (Lewis); however, the Court reserves ruling on the testimony of Fernando Crosa.

Plaintiffs argue that the sanction imposed by the Court should be revisited because the untimely disclosures of its experts was harmless. Plaintiffs assert, and Defendants do not deny, that two of its experts, Simon and Lewis, were retained to perform investigatory and/or remedial work at the site of the incident. Plaintiffs point out that material related to the work of these experts was provided to Defendants in response to discovery requests well before the expert disclosures deadline. For this reason, the Court **GRANTS** Plaintiffs' motion and **MODIFIES** its Order entered on July 13, 2005, to allow the use of Plaintiffs' experts Simon and Lewis in their case in chief, contingent upon the fact that representatives of these experts will be available for deposition at Defendants' request.

However, Plaintiffs did not disclose the its expert, Fernando Crosa, until after the deadline and Defendants have not yet been able depose this expert. Therefore, the Court reserves ruling on Plaintiff's use of Mr. Crosa until after Defendants have had the opportunity to conduct his deposition.

## II.     Defendants' Motion for Partial Summary Judgment

Additionally pending before the Court is Defendants motion for partial summary judgment on Count III and Count IV of Plaintiffs' Complaint. Plaintiffs do not oppose Defendants' motion.

Therefore, the Court **GRANTS** Defendants' motion for partial summary judgment and **DISMISSES** Counts III and IV of Plaintiffs' Complaint.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

           ENTER:       September 27, 2005

           _____
           ROBERT C. CHAMBERS
           UNITED STATES DISTRICT JUDGE